WESTERN TOWN LOT COMPANY, Respondent, v.

PETTIGREW, et al., Appellants.

(168 N. W. 30.)

(File No. 4253.    Opinion filed June 11, 1918.)

1.  Real Property—Quieting Title—Title by Possession—Twenty
    Year Limitation—Finding, Sufficiency of Evidence.

    In a suit by a town lot company to quiet title to realty;
    evidence held to overwhelmingly sustain a finding that plain-
    tiff, upon receiving a deed for the property in question March
    26, 1884, entered into and for more than 20 years thereafter
    continued in actual, open and exclusive possession, claiming
    in good faith to be the owner thereof.

2.  Conveyancing—Declaration of Trust, Title and Control in Trus-
    tee Until Property Sold—Assignment and Release by Bene-
    ficiary to Trustee, Effect re Conveyance, Sufficiency of Evi-
    dence—Description, Sufficiency of Through Reference to
    Records.

    In a suit by a town lot company to quiet title to realty,
    it appearing that plaintiff executed a declaration of trust
    relating to the property, to the effect that it held title to an
    undivided portion thereof in trust for the use and benefit of
    defendant, his heirs and assigns, but that it was understood
    and agreed between the parties that title should remain in
    plaintiff until the property was disposed of and sold by it,
    with absolute control and right to deal with it in all respects
    as if owned by plaintiff, in selling and disposing thereof for

price and upon terms deemed reasonable by it; on the back of which instrument was another executed by defendant, reciting that in consideration of a sum named and paid him by plaintiff, he thereby sold, transferred and assigned to plaintiff all his right, title and interest in "the within contract and the premises therein described" including any moneys paid or due or to become due on account of any outstanding contracts for sale of any lots included therein, whether made by plaintiff or by third parties named as trustees, with a release and discharge of plaintiff from performance of the obligations contained in "the within contract;" held, that a finding by trial court to the effect that defendant on the date of said transfer and release, executed and delivered to plaintiff, "a deed of conveyance in writing whereby * * * defendant sold, transferred, and assigned" to plaintiff all his right, title and interest in and to said premises, is fully sustained by the evidence; that the so-called assignment executed by defendant, while not drawn with the formality of a deed, was in legal effect a deed of conveyance of all his interest therein; that a description of the land conveyed was capable of being made certain by reference to noted book and page or records in registers office, and although the instrument was not entitled to record, it was a sufficient conveyance as between the parties.

8.  **Real Property—Title by Prescription—Continuous Payment of Taxes—Tax Receipt to Tax Commissioner, Effect.**

Where, in a suit to quiet title, trial court found that plaintiff continued in actual, open, notorious and exclusive possession of the premises, claiming, etc., and for more than 25 years continuous next prior to suit paid all taxes assessed thereon before delinquent and while plaintiff was in possession, etc., claiming in good faith under color of title to be owner, held, that evidence that plaintiff paid taxes thereon for the years 1901 to 1914 inclusive brought the case within provisions of Code Civ. Proc., Sec. 54, relating to title by continuous possession and payment of taxes; that the fact that tax receipts for several of said years were made out to one C. who was plaintiff's tax commissioner, did not show a break in continuity of payments by plaintiff, the latter having actually made the payments for those years; that said finding was sustained by the evidence.

Appeal from Circuit Court, McCook County.  Hon. JOSEPH W. JONES, Judge.

Action by Western Town Lot Company, against Richard F. Pettigrew and others, to quiet title to realty.  From a judgment

for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

P. W. Scanlan, and Clarence S. Darrow, for Appellants.

A. K. Gardner, and E. H. Wilson, for Respondent.

(2) To point two of the opinion, Respondent cited, re sufficiency of description: Ford v. Ford, 24 S. D. 644; Tillson v. Florman, 22 S. D. 324.

(3) To point three of the opinion, Respondent cited: C. C. P. R. Secs. 45, 54-5; Murphy v. Defoe, 18 S. D. 42; Murphy v. Redeker, 16 S. D. 615.

GATES, J. The defendant Pettigrew located and platted the town site of Salem, D. T. He bought the land upon the understanding that he was to have a one-fifth interest and Elias F. Drake and Amherst H. Wilder, trustees, four-fifths. He claims that the property embraced 160 acres south of the track of what is now known as the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and only 120 acres north of the track. The plaintiff contends that the understanding embraced 160 acres north of the track. The dispute relates to the S. W. ¼ of the N. E. ¼ of Sec. 14, Tp. 103, R. 55, situate in McCook county. The property now in controversy is that part of outlot B of the town plat of Salem lying in said 40-acre tract, containing approximately 37 acres, to wit: That part of the said 40-acre tract lying west of the right of way and depot grounds of the former Dakota Central Railway Company, now the Chicago & Northwestern Railway Company. At the time of the beginning of this action, the records in the office of the register of deeds of McCook county did not show that Pettigrew had ever conveyed the undivided four-fifths of said outlot, although such records do show that he had conveyed the remaining lands to Drake and Wilder, trustees, by deeds dated September 22, 1880, and June 9, 1881. At those times the title to the 40-acre tract was in the United States government. Final receipt therefor was issued August 13, 1881, and patent November 10, 1882. The entryman conveyed to Pettigrew October 5, 1882, and on May 24, 1883, Pettigrew conveyed to Drake and Wilder, trustees, the undivided one-fifth of said 40-acre tract. A deed from Drake and Wilder, trustees, to plaintiff, dated March 26, 1884, and re-

corded in the office of the register of deeds of McCook county on September 3, 1884, in Book H of Deeds, on pages 288, 289, and 290, included all of said 40-acre tract except the land embraced in the right of way of the Dakota Central Railway. On October 25, 1884, an agreement was entered into by Pettigrew and the plaintiff whereby it was declared among other things that:

"The Western Town Lot Company does hereby publish, make known, and declare that it holds the title to an equal undivided one-fifth (1-5) of the lots and lands embraced in and immediately surrounding the town of Salem, conveyed to it by the said Drake and Wilder, trustees, by deed of March 26, 1884, recorded in the office of the register of deeds in and for McCook county, Dakota, in Book H of Deeds, on pages two hundred and eighty-eight (288), two hundred and eighty-nine (289), two hundred and ninety (290), in trust for the use and benefit of the said R. F. Pettigrew, his heirs, and assigns; but it is understood and agreed between the said Pettigrew and said company that the title to the said lots and lands shall remain vested in the Western Town Lot Company until disposed of and sold by it; that the said company shall have the absolute control of the said property and may deal with it in all respects as if it were the sole and absolute owner thereof, and may sell and dispose of the whole or any part thereof for such price and upon such terms as it may deem reasonable and proper."

On the back of said instrument there was the following (the italics are ours):

"For and in consideration of the sum of $430 in hand paid by the Western Town Lot Company, the receipt of which is hereby acknowledged, I hereby sell, transfer, and assign to said Western Town Lot Company all my right, title, and interest in and to the within contract *and the premises therein described,* including any moneys paid or due or to become due, on account of any outstanding contracts for sale of any lots in the town of Salem, Dakota, whether made by said company or by Drake and Wilder, trustees. And I do hereby release and discharge said company from the performance of any and all obli-

gations in the within contract contained. Sioux Falls, D. T., January 15, 1886. R. F. Pettigrew."

Judgment was entered decreeing the plaintiff to be the owner of outlot B, and excluding defendants from any right, title, or interest therein. From the judgment and an order denying a new trial, the defendants appeal.

[1] The correctness of the facts recited in the briefs being mutually contested, we have resorted to the original record. It appears without dispute that from January, 1886, to November, 1915, when he entered upon and took possession of the premises in the night-time, defendant Pettigrew manifested no claim of any right, title, or interest in the property in any manner whatsoever, except that shortly previous to such entry he refused to execute a conveyance to plaintiff at its solicitation. By its second finding of fact the trial court found that Drake and Wilder, trustees, conveyed the property to plaintiff by deed dated March 26, 1884, which is the deed hereinbefore referred to, and—

"thereupon the said Western Town Lot Company, plaintiff herein, entered into the possession of said property and for more than 20 years thereafter, and until on or about the 22d day of November, 1915, continued in the actual, open, and exclusive possesion thereof, claiming in good faith to be the owner thereof."

This finding is sustained by the overwhelming evidence. A discussion of it would serve no useful purpose. By finding 3 the court found:

"That on or about the 15th day of January, 1886, the defendant Richard F. Pettigrew, under and by the name of R. F. Pettigrew, for a valuable consideration to him paid by the Western Town Lot Company, the plaintiff herein, duly executed and delivered to said Western Town Lot Company, his deed of conveyance in writing, whereby the said defendant sold, transferred, and assigned to the plaintiff herein all his right, title, and interest in and to the premises hereinafter described, together with other property."

[2] This finding is fully sustained by the evidence. The so-called assignment executed by defendant Pettigrew on Janu-

ary 15, 1886, above set forth, while not drawn with the formality of a deed, was, in legal effect, a deed of conveyance of all his interest in the tract in question. A description of the land conveyed was capable of being made certain by reference to the noted book and page of the records in the register of deeds' office of McCook county, and although the instrument was not entitled to record it was a sufficient conveyance of the premises as between the parties. Ford v. Ford, 24 S. D. 644, 124 N. W. 1108.

[3] The court also found as a part of said third finding:

"And thereafter the said Western Town Lot Company, the plaintiff herein, continued in the actual, open, notorious, and exclusive possession of said premises, claiming in good faith to be the owner thereof, and for more than 25 years continuously next prior to the time of the commencement of this action, the said plaintiff has paid all taxes assessed against said premises before the same became delinquent, and while said plaintiff was so in possession of said property, claiming in good faith under color of title to be the owner thereof."

The evidence shows that plaintiff paid the taxes on said premises for the year 1884, for the years 1886 to 1899, both inclusive, and for the years 1901 to 1915, both inclusive. No payment was shown for the year 1900. Conceding for the purpose of this case that the payments for the years prior to 1900 may not be considered because payments prior thereto for 10 consecutive years subsequent to the passage of chapter 24, Laws 1891, were not shown, yet the payments for the years 1901 to 1914, inclusive (the payment for 1915 not being considered because made at a time when defendants were in possession), bring the case within the provisions of section 54, C. C. P. To avoid the effect of these payments, appellants contend that the fact that the tax receipts for the years 1906, 1908, and 1911 were made out to Frank P. Crandon instead of to plaintiff show a break in the continuity of payments by plaintiff. The receipts for 15 of the years, beginning with 1889 and ending with 1912, were made out in the name of F. P. Crandon for the plaintiff; or in the name of the plaintiff by F. P. Crandon. The evidence also showed that the plaintiff actually made the payments for

the years 1906, 1908, and 1911. We think it conclusively appears that plaintiff paid the taxes for the years 1901 to 1914, inclusive, and therefore that this portion of the findings should be sustained for those years.

All other matters argued in the briefs have been considered, but are not deemed of sufficient importance to require a reference thereto. The judgment and order appealed from are affirmed. The application of appellants for a modification of the terms imposed upon granting them leave to amend their brief is denied, and the order to show cause issued March 23, 1918, is quashed.